IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENISE HUIE, | * | |
| Plaintiff, | | Civil Action No.: RDB 04-2987 |
| | * | |
| v. | | |
| | * | |
| UNIVERSITY OF MARYLAND MEDICAL CENTER, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

This action arises out of a complaint that Denise Huie ("Plaintiff" or "Huie") filed against the University of Maryland Medical Systems' ("Defendant" or "UMMS").[1] The complaint alleges that UMMS wrongfully discharged Huie because of her race, national origin, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). UMMS contends that it is entitled to judgment as a matter of law because Huie has failed to establish a *prima facie* case of discriminatory discharge and, in the alternative, failed to demonstrate that UMMS's legitimate business reason for terminating Huie's employment is a pretext for discrimination. The parties' submissions have been carefully reviewed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

---

[1] UMMS states that Plaintiff incorrectly identified UMMS as the University of Maryland Medical Center in her filings with this Court. *See* Answer, p. 1.

## BACKGROUND

The following facts are undisputed. In August 2002, Huie—who describes herself as a forty-nine year old black woman from Jamaica, W.I.—was hired on a contract basis as a clinical pharmacist at UMMS. In April, 2003, Huie was hired on a full-time basis as the night-shift pharmacist in the intensive care, cardiology, transplant, surgery division of pharmacy services at UMMS. Huie worked in this position until her employment was terminated in January 2004.

On January 13, 2004, Huie was scheduled to work as the night-shift pharmacist from 9:00 p.m. until 7:00 a.m. Before her shift began, Huie called Darlene Elder, the administrator on call (the "AOC"). Huie informed the AOC that she would not be able to report to work because of a major accident on I-95 that resulted in lane closures. The AOC requested that Huie report to work despite the traffic conditions. Huie said that she would try to find an alternative route. At approximately 11 p.m., Huie called the pharmacist on call to inform him that she would not be reporting to work because the roads were blocked. At some point that same evening, after being informed that Huie would not be reporting to work, the AOC called Huie at home. Huie did not answer and the AOC left a message stating that Huie's absence would be excused if Huie would work the following night on January 14, 2004. Huie never responded to the AOC's message.

Huie did not report to work on January 14. Shortly thereafter, UMMS informed Huie that her "failure to report for [] scheduled shifts on January 13 and 14, 2004" resulted in the violation of four hospital policies: Policy 505 Rule 1 (which prohibits "failing or refusing to perform satisfactorily the duties and responsibilities outlined in your job description or related duties as required or assigned in a timely manner; being insubordinate"); Policy 505 Rule 2 (which prohibits "failing to follow oral or written procedures or instructions"); Policy 505 Rule 4

(which prohibits "failing to report to work as scheduled or required"); and Rule 24 (which prohibits "failing to treat co-workers, patient or other customers with respect and dignity").  (*See* UMMS Mot. for Summ. J. Ex. A.)  As a result, UMMS terminated Huie's employment.  (*Id*.)  UMMS does not dispute that, before the incidents that led to Huie's termination transpired, Huie was not scheduled to work on January 14 and had planned to drive to Florida that day.

On February 26, 2004, Huie filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging wrongful discharge on the basis of race, national origin, and age.  (*See* UMMS Mot. for Summ. J. Ex. B.)  On June 17, 2004, the EEOC dismissed Huie's charge.  (*See* UMMS Mot. for Summ. J. Ex. C.)  On September 17, 2004, Huie filed the instant action in this Court.  On April 22, 2005, UMMS filed its Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences

3

drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must bring forth evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). "Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW.* 187 F.3d 415, 422 (4th Cir. 1999)). Rule 56(e) also requires that "affidavits submitted by the party defending against a summary-judgment motion contain specific facts, admissible in evidence, from an affiant competent to testify, 'showing that there is a genuine issue for trial.'" *Id.* (quoting 10B Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2740, at 399 (1998)). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

  This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted). Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

DISCUSSION

**I.**     *McDonnell Douglas* **Burden-Shifting Framework.**

Huie has not proffered direct evidence of discriminatory intent and, as a result, must rely on the familiar three-step burden-shifting model of circumstantial evidence of discrimination set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Although this burden-shifting framework was established in the context of Title VII, courts have applied the same analysis to age-based discrimination claims under the ADEA. *See*, *e.g.*, *Caussade v. Brown*, 924 F. Supp. 693, 698 (D. Md. 1996), *aff'd* 107 F.3d 865 (4th Cir. 1997) (citing *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 239 (4th Cir. 1982)). As a result, each of Huie's claims for wrongful termination, including her age-based claim under the ADEA, is subject to the *McDonnell Douglas* burden-shifting scheme.

To establish a cause of action for discriminatory discharge, the plaintiff bears the initial burden of proving a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. There are specific elements that must be satisfied under both a Title VII and ADEA analysis in order for the plaintiff to meet this initial burden. If a *prima facie* case is established, the burden then shifts to the defendant to rebut the inference. *McDonnell Douglas*, 411 U.S. at 802. While the defendant's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the disparate treatment. *Id*. In this regard, the Court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination" so that "when an  employer articulates a reason for [its treatment of the plaintiff] not forbidden by law, it is not [the court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason

5

for the [employment decision]." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 298-299 (4th Cir. 1998) (internal quotations and citations omitted).

If the defendant articulates a legitimate, non-discriminatory reason for its conduct, the ultimate burden shifts to the plaintiff to show that the defendant's stated reason is "pretext." *McDonnell Douglas*, 411 U.S. at 804. In evaluating whether the plaintiff has adduced a sufficient quantity of proof, the court may consider the relative strength of the employer's asserted nondiscriminatory reasons. *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 732 (4th Cir. 1996). However, unsubstantiated allegations and bald assertions will not carry the day for the employee. *Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996); *see also Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir. 1988) (naked opinions and conclusory allegations are insufficient to withstand summary judgment). If the plaintiff cannot present facts that would permit a reasonable inference that the stated reason is a pretext for discrimination, summary judgment in favor of the defendant should be granted. *See Rowe v. Marley Co.*, 233 F.3d 825, 830 (4th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000)).

**A.     *Prima Facie* Case.**

To establish a *prima facie* case of discriminatory discharge under Title VII, Huie must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action (such as a discharge); (3) she was at the time performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant outside the protected class. *See*, *e.g.*, *Baquir v. Principi*, ___ F.3d ___, No. 04-2369, slip op. at 14 (4th Cir. Jan. 20, 2006) (citing *Hill v. Lockheed Martin Logistics*

*Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc)); *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir.1999)); *see also Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005) (concluding that "a Title VII plaintiff can make out a *prima facie* without satisfying prong four . . . where the plaintiff can show that the firing and replacement hiring decisions were made by different decisionmakers.").

To meet the same burden under the ADEA, Huie must show that: (1) she was in the age group protected by the ADEA; (2) she suffered an adverse employment action; (3) she was at the time performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant who is either outside the protected class or substantially younger than the plaintiff. *See*, *e.g.*, *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc); *see also O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (noting that age discrimination "is more reliably indicated by the fact that his replacement was substantially younger than by the fact that his replacement was not a member of the protected class"); *see also Miles v. Dell, Inc.*, 429 F.3d 480, 486 (4th Cir. 2005) (noting that an age discrimination plaintiff can make out a *prima facie* case without satisfying prong four where the "plaintiff is replaced by a much younger person within the same class.").

In this case, Huie's Title VII and ADEA discriminatory discharge claims fail for lack of evidence on the third element of a *prima facie* case, *i.e.*, that Huie was performing her job duties at a level that met UMMS's legitimate expectations. It is undisputed that Huie failed to report to work on January 13, 2004. There is also no question that UMMS considered this failure an "egregious offense" in light of the night-shift pharmacist's responsibility for "the quality of care

patients receive and the timeliness with which their medications are dispensed." (Opp'n to UMMS Mot. for Summ. J. p. 7.)  Other than alleging that it was reasonable to not report to work because of an accident on I-95 that resulted in lane closures, Huie has offered no probative evidence with respect to whether she was performing her job duties at a level that met UMMS's legitimate expectations at the time of her discharge.  *See Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) (noting that "it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff."); *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 298-299 (4th Cir. 1998) (noting that the court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination") (internal quotations and citations omitted).

Huie has also failed to offer any evidence with respect to the fourth prong of a *prima facie* case of discriminatory discharge.  For example, Huie has not shown, with respect to her Title VII claims, that the position was filled by a similarly qualified applicant outside the protected class.  Similarly, Huie has not established, with respect to her ADEA claim, that she was replaced by somebody outside the protected class or substantially younger than her.  Instead, Huie argues that:

> [T]he circumstances surrounding Ms. Huie's termination support an inference of discrimination.  UMMC [sic] violated Policy 500 when it terminated Ms. Huie because there was no "just cause."  The last words Ms. Elder said to Ms. Huie before terminating her on January 14, 2004 were, "If you do not turn up to work there will be consequences."  Ms. Elder said this to Ms. Huie on January 13, 2003 when Ms. Huie called her at about 7:00 p.m. to inform her that I-95 was closed due to the tanker truck explosion.  Ms. Huie did not report to work on January 13, 2004 because a tanker truck explosion closed I-95.  There is no evidence of any wrongdoing on Ms. Huie's part.  Prior to January 13, 2004, Ms. Huie had been employed by the UMMC [sic] for a year and a half and had never been tardy or

absent."

(Opp'n to UMMS Mot. for Summ. J. p. 7.)  As the above passage makes clear, Huie never addresses whether her position was filled by a similarly qualified person outside the protected class or substantially younger than she.  Huie makes no attempt to show that UMMS employees of a different race, national origin, or age were treated differently when engaged in similar conduct.  Finally, Huie does not identify any circumstances that would give rise to a reasonable inference of unlawful discrimination based on race, national origin, or age.  Accordingly, this Court finds that Huie has failed to establish a *prima facie* case of discriminatory discharge under Title VII or the ADEA.[2]

### B.     Legitimate Nondiscriminatory Reason.

Even if Huie could establish a *prima facie* case of discriminatory discharge, her claims fail as a matter of law.  There is no genuine issue of material fact with respect to her refusal to report to work on January 13, 2004.  That refusal constitutes a legitimate, non-discriminatory reason for Huie's termination, and Huie has failed to demonstrate that UMMS's reason is a pretext for discrimination.  *See McDonnell Douglas*, 411 U.S. at 804.

UMMS proffers that Huie was discharged because "she failed to report to work because of a traffic jam."  (UMMS Mot. for Summ. J. p. 15.)  As the business and operations manager of the UMMS pharmacy explained:

---

[2]     In *Miles v. Dell, Inc.*, 429 F.3d 480 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit stated that "in appropriate cases, a Title VII plaintiff can make out a *prima facie* case without satisfying prong four."  *Id*. at 485.  In this case, however, there is neither evidence nor argument to suggest that Huie falls outside the general rule that "Title VII plaintiffs must show that they were replaced by someone outside their protected class in order to make out a *prima facie* case."  *Id*. at 486.

> Failure to report when scheduled without an excused absence or advanced notice is an egregious offense because UMMC [sic] operates an acute care facility. If an employee, particularly a pharmacist who serves as a manager for other employees, fails to report to work without notice because of traffic congestion, it has [a] serious effect on the quality of care patients receive and the timeliness with which their medications are dispensed. This is particularly true for a pharmacist scheduled for the nightshift, as it is much more difficult to find a replacement at short notice.

(UMMS Mot. for Summ. J. Ex. G, ¶ 18.) *See*, *e.g.*, *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 425 (E.D. Va. 2004) (failure to report to work constitutes a legitimate, non-discriminatory reason); *Smith v. Federal Exp. Corp.*, No. 1:04-CV-1955-RLV, 2005 WL 3115538, at *8 (N.D. Ga. Nov. 21, 2005) (same); *Birks v. Jack Ingram Motors, Inc.*, 346 F. Supp. 2d 1216, 1224 (M.D. Ala. 2004) (same); *Bahri v. Home Depot USA, Inc.*, 242 F. Supp. 2d 922, 943 (D. Or. 2002) (same); *James v. Ranch Mart Hardware, Inc.*, 881 F. Supp. 478, 482 (D. Kan. 1995) (same); *see also Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) ("Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision.") (citations omitted).

Because UMMS articulated a legitimate, non-discriminatory reason for its conduct, Huie must present evidence that UMMS's proffered explanation is pretextual in order to survive summary judgment. *See*, *e.g.*, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). In her responsive papers, however, Huie simply does not address whether UMMS's proffered reason for terminating Huie's employment is pretextual.[3] As a result, Huie has failed

---

[3] Without responding to UMMS's proffered legitimate, non-discriminatory reason, Huie contends that "UMMC's policy requires 'just cause' before corrective action can be taken against an employee." (Opp'n to UMMS Mot. for Summ. J. p. 7.) The "just cause" requirement refers to an UMMS policy which requires that "[p]rior to imposing corrective action the supervisor must conduct an investigation to ensure that there is 'just cause' for such action." (*Id.*

to demonstrate that UMMS's legitimate, non-discriminatory reason for terminating Huie's employment is a pretext for discrimination.[4]  Accordingly, Huie's claims must fail pursuant to the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.  A separate Order follows.

Dated: January 23, 2006                              /s/
                                                     Richard D. Bennett
                                                     United States District Judge

---

at p. 4.)  Huie fails to address the "just cause" requirement in this case.  Moreover, Huie does not dispute that, despite receiving the appropriate form, she did not appeal her termination through the UMMS grievance system.  *Cf. Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (unsubstantiated allegations and bald assertions are insufficient to disprove a legitimate, non-discriminatory reason); *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir. 1988) (naked opinions and conclusory allegations are insufficient to withstand summary judgment.").

[4]     Although Huie does not address whether her discriminatory discharge claims can be proved by applying the mixed-motive framework, this Court finds that Huie has not presented sufficient evidence, direct or circumstantial "for a reasonable jury to conclude, by a preponderance of the evidence, that [race, national origin, or age] was a motivating factor for any employment practice."  *Desert Palace Inc. v. Costa*, 539 U.S. 90, 101 (2003); *see also EEOC v. Warfield-Rohr Casket Co.*, 364 F.3d 160, 163 (4th Cir. 2004) (recognizing that ADEA claim may be proved under mixed-motive framework).